**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUE AUTOMOTIVE HOLDINGS GROUP, LLC.,<br>Plaintiff,<br>v.<br>610 AUTOHAUS, LLC., and<br><br>DAVID KAMORA,<br>Defendants. | CIVIL ACTION FILE NO.<br><br>Jury Trial Demanded |

**COMPLAINT**

Plaintiff TRUE AUTOMOTIVE HOLDINGS GROUP, LLC., by and through its undersigned counsel of record, files its Complaint against Defendants 610 AUTOHAUS, LLC. and DAVID KAMORA (collectively, "Defendants"), alleging as follows:

**PRELIMINARY STATEMENT**

1. This is an action for willful federal trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, and 1125. Plaintiff seeks injunctive relief, statutory damages, and

any other remedies this Court deems appropriate for Defendants' willful infringement of Plaintiff's registered trademark.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because this action arises under the Lanham Act, 15 U.S.C. §1051 *et seq*.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) because the defendants reside within this district.

## PARTIES

4. Plaintiff TRUE AUTOMOTIVE HOLDINGS GROUP, LLC. ("Plaintiff" or "True Auto") is a limited liability company organized under the laws of the State of Georgia, with a principal place of business of 722 Collins Hill Road, Suite H 298, Lawrenceville, GA 30046.

5. True Auto operates a chain of automotive repair shops with multiple locations throughout the United States.

6. True Auto is the successor in interest of R2D2 Holdings, LLC, the original registrant and owner of the True Automotive trademark.

7. Defendant 610 AUTOHAUS, LLC ("AutoHaus") is a limited liability company organized under the laws of the State of Pennsylvania, with a principal place of business of 171 Daniel Boone Road, Birdsboro, PA 19508.

8. AutoHaus operates an automotive repair shop.

9. Defendant DAVID KAMORA ("Kamora") is a natural person residing at 30 Scotland Drive, Reading, PA 19606.

10. Kamora is the founder and principal of AutoHaus.

## FACTS

11. Plaintiff has been using the name True Automotive (the "True Auto Mark") in commerce to conduct its automotive repair business since 2019.

12. Plaintiff's predecessor in interest is the initial registrant of the True Auto Mark, which is registered with the United States Patent and Trademark Office under U.S. Registration No. 6600646. A true and correct copy of this registration is attached hereto as Exhibit A.

13. Plaintiff has been assigned the entire interest in the True Auto Mark. A true and correct copy of the notice of assignment is attached hereto as Exhibit B.

14. Plaintiff is also the owner U.S. Registration No. 8157018 for TRUE EURO (the "True Euro Mark"). A true and correct copy of this registration is attached hereto as Exhibit C.

15. The True Auto Mark and the True Euro Mark (collectively, the "True Family Marks") are both registered under International Class 037 for automotive maintenance and repair.

16. One of True Auto's founders, Rob Eskew ("Eskew"), is a member of a trade group for auto shop owners known as Shop Fix Academy.

17. Kamora is also a member of Shop Fix Academy.

18. Having met through Shop Fix Academy, Eskew and Kamora developed a professional relationship wherein Eskew provided Kamora with free training and business consultations.

19. Through his relationship with Eskew, Kamora was repeatedly exposed to the True Family Marks and related True Auto branding and advertising.

20. On multiple occasions Kamora has expressed respect and admiration for the True Family Marks and True Auto's branding strategies.

21. In or around the Fall of 2024, AutoHaus changed the name of its Birdsboro shop to True Auto Repair (the "Infringing Mark").

22. AutoHaus began to use the Infringing Mark in multiple ways, including on its website, various billboards, and social media posts.

23. A side-by-side comparison of the Infringing Mark and the True Auto Mark is below and attached hereto as Exhibit D.

Presentation of the True Auto Mark

Presentation of the Infringing Mark

24. Unbeknownst to Eskew, on October 1st, 2024, Kamora, in his individual capacity, applied to register the Infringing Mark with the United States Patent and Trademark Office (USPTO).

25. Kamora attempted to register the Infringing Mark under International Class 037 for automotive maintenance and repair, the same class as the prior registered True Family Marks.

26. As part of the application process, Kamora certified to the USPTO that "To the best of the signatory's knowledge and belief, no other persons,

except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

27. Eskew initially noticed that AutoHaus was using the Infringing Mark in early October 2024 via social media postings.

28. Eskew asked Kamora about his decision to adopt the Infringing Mark and was told that the decision coincided with the choice to expand AutoHaus' business to servicing all makes and models of vehicles.

29. Kamora also told Eskew that he had to do "what was best for his family", suggesting that he adopted a mark similar to that of Plaintiff's with the express intention of capitalizing off of True Auto's reputation.

30. Eskew verbally requested that Defendant cease use of the Infringing Mark and was ignored.

31. On November 26, 2024, counsel for True Auto sent a cease-and-desist letter to Kamora and received no response. A true and correct copy of this cease-and-desist letter is attached hereto as Exhibit E.

32. On April 8th, 2025, the USPTO issued Kamora a non-final office action refusing registration of the Infringing Mark due to True Auto's use of the Mark.

33. Kamora failed to respond to this office action by the July 8th, 2025, deadline and offered no argument to the USPTO's finding that his mark bore a likelihood of confusion to True Auto's at that time.

34. Due to Kamora's failure to respond, application for the Infringing Mark was abandoned.

35. The True Euro Mark was officially registered on March 3rd, 2026.

36. Plaintiff conducted a review of its intellectual property portfolio following registration of the True Euro Mark.

37. During the course of this review, Plaintiff discovered that Kamora is still using the Infringing Mark in commerce.

38. Kamora has been warned by Plaintiff, counsel for Plaintiff, and the USPTO that the Infringing Mark has a high likelihood to confuse consumers but willfully refuses to cease his infringement.

## COUNT I

### Willful Trademark Infringement (15 U.S.C. §§1114)

39. Plaintiff repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

40. Defendants were aware of the True Family Marks well before adopting the Infringing Mark.

41. Defendants adopted the Infringing Mark with the intention of profiting from True Auto's investment in the True Auto Mark.

42. The Infringing Mark is nearly identical to the True Auto Mark and is significantly likely to cause confusion within the consuming public.

43. Defendants have been informed of this likelihood of confusion by Plaintiff, Plaintiff's counsel, and the USPTO.

44. Despite multiple requests from Plaintiff's owner and Plaintiff's counsel, and a rejection by the USPTO, Defendants have continued to use the Infringing Mark.

45. Plaintiff has been injured as a result of Defendants' conduct and is entitled to damages in an amount to be proven at trial.

46. Defendants' infringement has been willful, and Plaintiff is entitled to attorneys' fees and aggravated damages pursuant to 15 U.S.C. §1117.

**COUNT II**

**False Designation of Origin (15 U.S.C. §1125(a))**

47. Plaintiff repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

48. Defendants' use of the Infringing Mark is likely to cause confusion among consumers as to the relationship between Defendants and Plaintiff.

49. Plaintiff has been injured as a result of Defendants' conduct and is entitled to damages in an amount to be proven at trial.

50. Defendant's false designation of origin has been willful, and Plaintiff is entitled to attorneys' fees and aggravated damages pursuant to 15 U.S.C. §1117.

51. Plaintiff is further entitled to injunctive relief pursuant to 15 U.S.C. §1116.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

1. Enter judgment for Plaintiff against Defendant on all counts of the Complaint.
2. Issue an injunction requiring Defendant to:
   a. Cease further infringement of the True Family Marks; and,
   b. Cease all current use of the Infringing Mark.
3. Awarding Plaintiff:
   a. Damages, in an amount to be proven at trial, pursuant to 15 U.S.C. §1117;
   b. Attorneys' fees and costs, pursuant to 15 U.S.C. §1117;
   c. Pre and post judgment interest on the foregoing sums; and,
   d. Any such other and further relief that this Court deems just and proper.

**WALSH PANCIO, LLC**

/s/ Bruce S. Pancio
Bruce S. Pancio, Esquire
Pa. I.D. No. 306519
2326 North Broad Street, Suite 200
Colmar, PA 18915
Phone: (215) 368-8660
Fax: (215) 368-7990

bruce@walshpancio.com

**CONWAY EADER**

Granison "Ted" Eader, Esq. (*pro hac vice* forthcoming)
50 Hurt Plaza SE, Suite 1142
Atlanta, GA 30303
Phone: (470) 745-2640
ted@conwayeader.com